IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Djuan Yvette Holland, | Case No.: 4:25-cv-12683-JD-TER |
| Appellant, | |
| vs. | **ORDER** |
| Moorland BTR LLC, dba Moorland Reserve Apartments, | |
| Appellee. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers (DE 7), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Appellant Djuan Yvette Holland's ("Appellant") failure to pay the filing fee, file a statement of issues, and designate the record to support her appeal.[1]

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Appellant, proceeding *pro se*, initiated this matter by filing a notice of appeal from an order of the United States Bankruptcy Court for the District of South Carolina concerning the denial of her motion to extend the automatic stay in her

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Chapter 7 bankruptcy case. After the appeal was transmitted to this Court, Plaintiff failed to comply with the applicable procedural requirements, including paying the required filing fee, filing a statement of the issues on appeal, and designating the record, despite being expressly ordered to do so and warned that failure to comply could result in dismissal.

**B.     Report and Recommendation**

On December 2, 2025, the Magistrate Judge issued a thorough Report and Recommendation (DE 7) recommending that this appeal be dismissed without prejudice for failure to prosecute and for failure to comply with the Court's order and the Federal Rules of Bankruptcy Procedure.

**C.     Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.     Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.     Conclusion**

Since no objections have been filed by the parties, and after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 7) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE for failure to prosecute and for failure to comply with the Court's October 24, 2025, Order (DE 4) and the applicable Federal Rules of Bankruptcy Procedure. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

*/s/ Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 26, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.